UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FAMILY VIDEO MOVIE CLUB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-2438-CM |
| | ) | |
| LOVEJOY FLOWER & GIFT SHOP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Jayme Cantu, an individual purportedly acting on behalf of the corporate defendant, has filed a notice of removal (ECF No. 1) attempting to remove a case pending in Texas state court to this federal court in Kansas. Cantu also filed a motion to proceed in forma pauperis (ECF No. 2), in which she states she is the plaintiff, and a financial affidavit with her personal information (rather than the information of any actual party to this case). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that the presiding U. S. district judge remand the case as improperly removed. Should the entire case not be remanded, the undersigned recommends the motion to proceed in forma pauperis be denied.

The problems with defendant's notice of removal are many, and the undersigned herein does not address each and every reason this case should be remanded (or dismissed). It is enough to note the following:

1

1. Section 1441 of Title 28 of the United States Code provides that civil actions may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." This action was pending in Collin County, Texas.[1] Thus, to the extent the action could be removed, defendant would have to remove it to a federal court in Texas, not this court in Kansas.

2. The notice of removal was filed by an individual who is not an attorney, purportedly on behalf of the corporate defendant. There is a "long-standing rule," however, "that a corporation must be represented by an attorney to appear in federal court."[2] "[A] corporation cannot appear 'through a non-attorney corporate officer appearing pro se.'"[3] Because Cantu is not a "duly qualified and licensed attorney,"[4] her purported removal on behalf of the corporate defendant should be deemed without effect.[5]

---

[1] ECF No. 1-1.

[2] *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing cases).

[3] *U.S. ex rel. Quality Trust, Inc. v. Cajun Contractors, Inc.*, No. 04-4157, 2008 WL 410121, at *5 (D. Kan. Feb. 13, 2008) (quoting *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001)).

[4] *Bank of Commerce & Trust Co. v. Strauss*, No. 07-1122, 2008 WL 191396, at *1 (D. Kan. Jan. 22, 2008).

[5] *See United States v. Lain*, __ F. App'x __, 2019 WL 3006434, at *1-2 (10th Cir. July 10, 2019) (dismissing appeal purportedly brought on behalf of an artificial entity by a non-attorney).

For either of these reasons, the undersigned recommends the case be remanded. However, should the presiding judge reach Cantu's motion for leave to proceed in forma pauperis, the undersigned recommends the motion be denied. The decision to grant or deny in-forma-pauperis status under 28 U.S.C. § 1915 lies within the "wide discretion" of the trial court.[6] Here, Cantu is not a party to this case and, as explained above, may not represent a party to this case. Because she will not be prosecuting or defending this action, permitting her to proceed in forma pauperis is not contemplated by § 1915, and Cantu has cited no other authority in support of her motion.

IT IS THEREFORE RECOMMENDED that this case be remanded and/or that the motion to proceed in forma pauperis (ECF No. 2) be denied.

Cantu and defendant are hereby informed that, within 14 days after they are served with a copy of this report and recommendation, they may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections. If no objections are timely filed, no appellate review will be allowed by any court.

Dated July 30, 2019, at Kansas City, Kansas.

        s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[6] *United States v Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006).

3
O:\ORDERS\19-2438-CM-2.docx