# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FAMILY VIDEO MOVIE CLUB INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | Case No. 19-2438-CM-JPO |
| **LOVEJOY FLOWER AND GIFT SHOP,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Jayme Cantu, who is an individual purportedly acting on behalf of the corporate defendant Lovejoy Flower and Gift Shop, removed this case from a Texas state court to Kansas federal court. In the state court petition, plaintiff Family Video Movie Club Inc. claims that defendant was in default under a lease agreement and seeks possession of the premises through a state law forcible detainer cause of action.

Defendant's notice of removal claims that jurisdiction is based on a federal question. But there is no federal question in plaintiff's state court petition, and removal of a case is not proper based on a defense. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Neither does the "mere presence of a federal issue in a state cause of action . . . automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The court construes the removal statutes narrowly, *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005), and resolves doubts about removal in favor of remand, *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Defendant, as the party asserting the court's jurisdiction, bears the burden of showing that removal

-1-

from state to federal court is appropriate. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Plaintiff's state court petition does not contain a reference to federal law. To the contrary, the petition is based solely on a Texas state cause of action. Defendant claims that the court has federal jurisdiction because plaintiff is "in violation of the commercial lease agreement by illegally selling CBD products, adversely affecting the Defendant['s] business, according to 21 U.S.C. §§ 811 and 812." (Doc. 1-2, at 2.) But at most, defendant's reference to these federal statutes is either a counterclaim or a defense to why defendant should not pay plaintiff under the lease or be evicted. Neither a counterclaim nor a defense properly vests this court with federal jurisdiction. *See Topeka Housing Auth.*, 404 F.3d at 1247. And even if defendant were to assert that this court has diversity jurisdiction, plaintiff's state court petition does not seek damages in excess of $75,000. This court lacks jurisdiction over the case, and the case must be remanded to state court.

**IT IS THEREFORE ORDERED** that this case is remanded to the Collin County, Texas Justice Court, Precinct No. 3, for lack of federal jurisdiction.

The case is closed.

Dated this 31st day of July, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**